**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TRACY A. GARNER,

    Plaintiff,

v.

SELECT PORTFOLIO SERVICING, INC., et al.,

    Defendants.

1:17-cv-06464-NLH-JS

**OPINION**

**APPEARANCES:**

TRACY A. GARNER
59 HADDOCK DRIVE
SEWELL, NJ 08080
    Appearing pro se

RICHARD J. NALBANDIAN
ECKERT SEAMANS CHERIN & MELLOTT, LLC
50 SOUTH 16TH STREET, 22ND FLOOR
PHILADELPHIA, PA 19102
    On behalf of Defendants

**HILLMAN, District Judge**

This matter concerns claims by Plaintiff, appearing pro se, against several Defendants arising out of the state court foreclosure and sale of Plaintiff's home in June 2016.[1] Plaintiff claims that the purported mortgage note he signed is actually a "copyright,"[2] and his signature on the copyright made

---

[1] This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

[2] Plaintiff's claim is non-sensical. A "copyright" is not a thing, a piece of paper or tangible object. Rather, it is a

it a "copyright derivative." Plaintiff claims that this constituted fraud and violated his due process rights because it deprived him of his identity. Plaintiff also disputes that he was provided with a loan and challenges an assignment of the loan and a loan modification. Plaintiff contests the Defendants' right to institute the state court foreclosure action against him, and Plaintiff also takes issue with the conduct of the state court judge and court employees who handled the foreclosure case. Plaintiff additionally asserts claims against the attorneys who were involved in his bankruptcy case.

Plaintiff filed his complaint on August 28, 2017, and on December 14, 2017, three of the Defendants filed a motion to dismiss Plaintiff's complaint. (Docket No. 4.) They first argue that Plaintiff's claims must be dismissed for insufficient service of process. These Defendants further argue that Plaintiff's claims must be dismissed pursuant to the Rooker-Feldman doctrine,[3] the Colorado River abstention doctrine,[4] and

---

bundle of legal rights concerning a literary or artistic work.

[3] The Rooker-Feldman doctrine, derived from the two Supreme Court cases District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), provides that lower federal courts lack subject matter jurisdiction to engage in appellate review of state-court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding.

[4] The Supreme Court in Colorado River Water Conservation Dist. v.

2

the Anti-Injunction Act.[5]  Defendants also argue that Plaintiff's claims fail to state cognizable claims under federal pleading standards.

On January 2, 2018, Plaintiff filed a letter in response to Defendants' motion.  (Docket No. 5.)  In his letter, Plaintiff requested an extension of time to respond to Defendants' motion because he did not receive the motion until December 23, 2017 and he was evicted from his home and lost relevant documents. Plaintiff further related that he was surprised to receive the motion because he had not yet served any Defendants, and he questioned how the moving Defendants were made aware of his case and able to file a motion without being served.  Plaintiff requested that his case be stayed for 90 days so that he could locate all the defendants he wished to assert claims against,

---

United States, 424 U.S. 800, 813 (1976) explained that federal district courts may abstain from hearing cases and controversies under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."  The threshold issue that must be decided in a Colorado River abstention case is whether the two actions are "parallel cases [that] involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'"  IFC Interconsult, AG v. Safeguard Intern. Partners, LLC., 438 F.3d 298, 306 (3d Cir. 2006) (citations and quotations omitted).

[5] The Anti-Injunction Act prohibits the federal courts from interfering with proceedings in the state courts: "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.

3

and file an amended complaint.

There has been no activity in the case since Plaintiff's letter.  Even though the Court did not specifically address Plaintiff's request to stay his case for 90 days, the passage of time effectively has provided that relief.  The 90-day period expired on April 2, 2018.

Plaintiff was required to serve Defendants by November 27, 2017, see Fed. R. Civ. P. 4(m) (providing that a plaintiff must serve a defendant within 90 days of filing his complaint), and Plaintiff admits in his January 2, 2018 letter that he had not served any Defendant.  The Court construes Plaintiff's letter to be a request to not only have more time to respond to Defendants' motion to dismiss, but to also effect service.  See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings [and other submissions to the court] is well-established.").  In so construing Plaintiff's letter, the Court finds that Plaintiff provided good cause for his lack of service up until that point.  See Fed. R. Civ. P. 4(m) (providing that the court may extend the time for service if the plaintiff shows good cause for the failure).

It has been six months, however, since Plaintiff last contacted the Court and requested time to file his opposition to Defendants' motion and properly serve all the defendants.

4

Nothing precluded Plaintiff from attempting service during that time and there is nothing on the docket to suggest the moving Defendants have been properly served.  Under Fed. R. Civ. P. 4(m), if a plaintiff fails to timely serve the defendants, the Court may (1) dismiss the action on the motion of a defendant, (2) dismiss the action on its own after notice to the plaintiff, or (3) order that service be made within a specified time.  Accordingly, the Court will direct Plaintiff to show cause as to why his complaint should not be dismissed for his failure to serve the Defendants under Rule 4(m).[6]

An appropriate Order will be entered.


Date:  July 2, 2018                  s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[6] The Court will deny without prejudice Defendants' motion to dismiss.  If the Court determines that Plaintiff's complaint should not be dismissed after the resolution of the order to show cause, Defendants may renew their motion.